## Commonwealth *v.* Brown, Appellant.

Submitted March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Albert John Snite, Jr.,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 23, 1974:

The appellant, Reginald Brown, was tried by a jury on charges of aggravated robbery, burglary, carrying a concealed deadly weapon, carrying a firearm on a public street, assault and battery, assault and battery in resisting arrest and unlawfully resisting an officer while making an arrest. The jury found the appellant not guilty of robbery, burglary and assault and battery, but guilty of the remainder of the charges. Brown appeals from the jury's verdict of guilty of the latter charges contending that the evidence failed to demonstrate that the appellant was lawfully under arrest at the time he assaulted and resisted the officer.[1]

On November 17, 1972, a cafe at Broad and Somerset Streets in Philadelphia was robbed at gunpoint at approximately 2:30 P.M. The police, who were summoned while the robbery was in progress, arrived shortly thereafter and received the following description of the culprit: a black man, five feet ten or eleven, one hundred sixty pounds, wearing gold-rimmed glasses and a full length brown coat.

---

[1] The statute which was in effect at the time of the commission of the instant offenses provided, in pertinent part: "Whoever knowingly, wilfully and forcibly obstructs, resists or opposes any officer . . . in making a lawful arrest without a warrant, or assaults and beats any officer . . . in making a lawful arrest without a warrant . . . is guilty of a misdemeanor. . . ." Act of June 24, 1939, P. L. 872, §314, as amended July 11, 1963, P. L. 234, §1, 18 P.S. §4314 (Supp. 1973).

Acting on this information one Officer McHugh spotted the appellant, who fit the description announced over the police radio, standing on the northeast corner of 12th Street and Lehigh Avenue at approximately 3:00 P.M. Officer McHugh approached the appellant, informed him that he resembled someone wanted for a robbery, and called for a "paddy" wagon. When he turned to the appellant to ask him his name, the appellant knocked the officer down and ran. At this point Officer McHugh was joined in the arrest and chase by a plainclothes policeman, Officer Falcone. Both officers testified that during the chase the appellant drew a pistol from his waistband, but dropped the weapon when both officers fired at him. The appellant succeeded in eluding Officers McHugh and Falcone, but was captured shortly thereafter while hiding in the closet of a vacant house.

While the jury did not find the identification of the robber supplied by the eyewitnesses sufficiently strong to return a verdict of guilty for the robbery offense, they did find the police description of the man they chased to be strong enough to support the resisting arrest and firearms charges. The appellant does not contend on appeal that he was not the man the police chased that day. He also does not contend that he did not knock down Officer McHugh and run away, but argues only that he was not properly under lawful arrest at the time. We disagree.

It has long been the law that an officer may arrest a person without manual or forcible restraint. Thus, our Supreme Court has stated: "It will not be seriously contended that, to constitute an arrest, there must be an application of actual force, or manual touching of the body, or such physical restraint as to be visible to the eye. Such is not the law. All the authorities agree an arrest may be made either with or without a manual or actual touching by the officer." *McAleer v. Good,*

216 Pa. 473, 475 (1907). All that is required is some act by the officer which indicates his intention to detain or to take a person into custody, thereby subjecting that person to the actual control and will of the officer. No formal declaration of arrest is required. See 5 Am. Jur. 2d, Arrest, §1 (1962).

In the instant case the appellant was apprised that he resembled a man who had committed a robbery, and was within earshot when Officer McHugh called the "paddy" wagon. Officer McHugh, therefore, obviously intended to detain the appellant, at least for the purpose of an on-the-scene "show-up." That the appellant knew he was not free to go is obvious from the fact that he knocked the officer down and ran away.

Second, we find no merit in the appellant's claim that the arrest was unlawful because the police officer lacked probable cause. Since the arrest was unlawful, the appellant argues, he was entitled to use reasonable force to resist it. The evidence indicates that Officer McHugh heard the police broadcast which described the robber of the cafe. The appellant fit that description which, with the inclusion of the culprit's apparel, was not so broad as to be applicable to a large group of people. He found the appellant on a corner near the site of the crime within one-half hour of its commission, and only intended to take the appellant back to the scene of the crime for identification purposes.[2]

---

[2] It has been suggested that a different and less strict standard other than probable cause may apply when the police only seek custody of a suspect for the purposes of identification by witnesses. See Annot., 28 L. Ed. 2d 978, 980 at n. 2. The argument rests upon the lesser encroachment upon an individual's freedom and reputation which attends this brief detention—brief, that is, so long as the identification process does not supply additional evidence which creates probable cause to believe the suspect to be the perpetrator of the crime. Such balancing tests have led to a lesser standard in justifying a "stop and frisk." *Terry v. Ohio*, 392 U.S. 1 (1968) ; and allowed an otherwise impermissible one-on-one confrontation

Probable cause to justify a warrantless arrest exists if the facts and circumstances known to the officer at the time of the arrest would warrant a prudent man in believing that an offense has been committed, and the suspect was the perpetrator of that offense: *Terry v. Ohio,* 392 U.S. 1 (1968) ; *McCray v. Illinois,* 386 U.S. 300 (1967). Those facts and circumstances, however, are not those that a legal technician might desire when examining the situation in retrospect; but, rather, the practical considerations of everyday life upon which reasonable and prudent men rely. *Draper v. United States,* 358 U.S. 307 (1959). In this area the courts are left with the difficult task of accommodating the often opposing interests of the individual and society. *Beck v. Ohio,* 379 U.S. 89 (1964). If the description provided by the eyewitnesses in the instant case were insufficient to establish probable cause to arrest the appellant, we daresay that police would rarely be able to gather sufficient information to make an arrest based on an eyewitness' account of the crime and description of the perpetrator. Such an imbalance in the interests of society and the individual would be wholly out of place in an area of constitutional law where maintaining that balance is the very aim of the courts and the legislature.

For the foregoing reasons, the judgments of sentence are affirmed.

---

between a witness and a suspect. *Stovall v. Denno,* 388 U.S. 293 (1967) ; 1 Annot., 29 A.L.R. 3d 791.

We mention this problem only in passing since we find that the higher standard of probable cause was satisfied in the instant case.