393 A.2d 895

COMMONWEALTH of Pennsylvania

v.

Judson J. SPENCER, Appellant.

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided Oct. 20, 1978.

416

Malcolm M. Limongelli, First Assistant Public Defender, Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Luzerne County by the defend-ant-appellant, Judson J. Spencer, after conviction by a jury trial of two counts of conspiracy and one count of delivery of a controlled substance.

When the jury returned its verdict it was polled and each juror indicated that he or she had voted guilty on the verdict as read by the foreman of the jury. The day after the verdict one of the jurors, Stephen J. Patoka, called the defendant's counsel and informed him that he felt that the defendant should not have been found guilty but that he was unduly influenced by the foreman of the jury to vote guilty. In an affidavit duly executed on December 7, 1976, by the juror it was set forth why he voted as he did even

though he did not believe that the defendant was guilty. The reasons contained in the affidavit: (1) "The jury foreman stated that he was soon to receive a visit from his son who was in the armed service and he wanted to speed up the decision so as to visit with him; (2) that the judge in his charge to the jury 'stated that layman abide by the testimony of circumstantial evidence and I believe the judge was looking right at me because of my religious faith'; (3) and that the foreman during the jury's deliberation made a remark that defendant 'must be guilty because he brought his wife and two children into the courtroom for our sympathy' ".

On December 7, 1976, the defendant filed a motion for a new trial and in arrest of judgment, claiming, inter alia, that the verdict was not a true verdict because it was not unanimous. On July 18, 1977, the court below denied the motions and on October 18, 1977 sentenced the defendant to concurrent one to three year prison terms on the three charges. This appeal followed.

■ After a jury verdict is recorded and the jury has separated and been discharged, individual jurors may not invalidate or impeach their verdict by their own testimony. *Commonwealth v. Patrick*, 416 Pa. 437, 206 A.2d 295 (1965).

In *Commonwealth v. Patrick*, supra, a murder case, the Supreme Court held that in the absence of a demand by the defendant or the District Attorney for the polling of the jurors there is no duty or burden on the trial court to order or conduct a poll. No poll was taken but it was held that after a verdict is recorded and after the jury has separated and been discharged, jurors may not invalidate or impeach a verdict by their own testimony. The juror in this case as in the instant case claimed that he had been coerced by his fellow jurors. In the instant case, the jury was polled and the juror publicly announced his vote.

We have enough problems in reaching the finality of verdicts without permitting a juror after voting in the secrecy of the jury room as well as publicly announcing his

vote when polled to attempt to change his mind after the fact, most likely after conversations and consultations with others.

█ There have been cases in which a jury verdict has been reversed because it was held to be a coerced verdict because of the physical exhaustion of a juror but no such situation exists here. See *Commonwealth v. Kent*, 355 Pa. 146, 49 A.2d 388 (1946). Mr. Patoka's reason for feeling compelled to vote as he did not rise to a level which would justify a holding that his vote was coerced.

█ In any group of people there are those individuals who are more dominant, strong, and persuasive than others and very often this type of individual is able to lead and persuade others to follow them. This does not mean coercion. The public policy to be protected in upholding the sanctity of verdicts demands that courts find jurors coerced in only the most compelling situations. Mr. Patoka's affidavit sets forth no such compelling reasons.

Judgment of sentence affirmed.

PRICE and SPAETH, JJ., concur in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.