420 A.2d 727

**COMMONWEALTH of Pennsylvania**

v.

**Ralph WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed June 27, 1980.

Petition for Allowance of Appeal Denied Jan. 6, 1981.

Lester G. Nauhaus, Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

30

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant was tried by a jury on six counts: aggravated assault (two counts), recklessly endangering another person, robbery, resisting arrest, and criminal attempt of murder. The jury returned a verdict of guilty of resisting arrest, but declared itself unable to agree as to the remaining five counts. Accordingly, on motion of appellant's counsel, a mistrial was granted on the five other counts. Subsequently, appellant filed a motion to dismiss the charge of criminal attempt of murder alleging that retrial on that charge was barred on the basis of double jeopardy. This appeal is from the order of the lower court denying appellant's motion to dismiss.

The events giving rise to appellant's contention are as follows. After approximately nine and one–half hours of deliberation the jury, as previously mentioned, announced in open court that it found appellant guilty of resisting arrest but was deadlocked as to the remaining five counts. The jury was then polled and the verdict recorded. When the trial judge inquired as to why the verdict slip indicated that a possible verdict on the attempt count had been scratched out, the foreman stated that the jury initially had reached a verdict on that count but, when it became apparent that they could not agree on the four remaining counts, some of the jurors decided to change their vote on the attempt count. Thus, explained the foreman, a revote was conducted. When the revote revealed that the jury was now split [1] on the attempt count, they scratched out their initial decision on the verdict slip. After further assurances that additional deliberation would be fruitless, the court granted appellant's motion for a mistrial and the jury was discharged. Notwithstanding the jury's declaration in open court of no verdict on the attempt count, appellant contends that their initial or tentative "verdict," apparently to acquit, which

1. On the revote four jurors voted guilty and eight not guilty.

was reached in the deliberation room, but changed before they returned to the courtroom, is the sole valid one and precludes reprosecution. We find this position untenable for several reasons.

At the outset, we note that appellant's argument is based in part on facts not of record. Although the facts discussed above do appear in the official record, appellant also relies upon an unsworn interview of one of the jurors which was conducted in the presence of appellant's counsel and the prosecutor on the day after the jury was discharged. As noted by the lower court, this interview was neither conducted with leave of court, nor was any effort made to incorporate the juror's "testimony" into the original record. In any event, even were we to consider the juror's "testimony"[2] it would not compel a different result. In the first place, it is beyond dispute that a verdict is not final unless it is recorded; until that point the jury may correct or alter it. *Commonwealth v. Pemberton*, 256 Pa.Super. 297, 389 A.2d 1132 (1978); *Commonwealth v. Johnson*, 359 Pa. 287, 59 A.2d 128 (1948). Accordingly, jurors were free to change their votes up until their announced verdict was recorded by the court. With respect to the one juror's impression that other members had engaged in separate deliberations, it is firmly established that after a verdict is recorded and the jury discharged, a juror may not impeach the verdict by his or her own testimony. *Commonwealth v. Patrick*, 416 Pa. 437, 206 A.2d 295 (1965); *Commonwealth v. Johnson*, supra. As the court in *Commonwealth v. Pierce*, 453 Pa. 319, 322, 309 A.2d 371, 372 (1973), quoting from *Friedman v. Ralph Brothers, Inc.*, 314 Pa. 247, 279, 171 A. 900 (1934), pertinently observed: " '[W]e cannot accept the statement of jurors as to what transpired in the jury room as to the propriety or impropriety of a juror's conduct. (Citations omitted.) To do so, would destroy the security of all verdicts and go far toward weakening the efficacy of trial by jury, so well

**2.** In essence, the juror stated that it was her impression that the four jurors who changed their vote to guilty on the attempt count had reached this decision by deliberating among themselves and not with the entire panel.

**32**

grounded in our system of jurisprudence. Jurors cannot impeach their own verdict. Their deliberations are secret and their inviolability must be closely guarded. Only in clear cases of improper conduct by jurors, evidenced by competent testimony, should a verdict, which is fully supported by the evidence, be set aside and a new trial granted.' "

For all of the above reasons, the order of the court below is affirmed.

WIEAND, J., did not participate in the consideration or decision of this case.