450 A.2d 89

**COMMONWEALTH of Pennsylvania**

v.

**Harry J. CRISSY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1981.

Filed Sept. 3, 1982.

Petition for Allowance of Appeal
Denied Feb. 23, 1983.

Patrick J. Kronenwetter, Public Defender, Emporium, for appellant.

40

Russell F. D'Aiello, Jr., District Attorney, Emporium, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and BECK, JJ.

BECK, Judge:

Appellant was convicted of possession of cocaine in violation of the Controlled Substance, Drug, Device and Cosmetic Act.[1]  35 P.S. 780–113(a)(16).  His only contention is that the court below erred in denying his motion to suppress the cocaine introduced against him at trial.  We disagree and affirm the lower court's judgment of sentence.

██  In reviewing the findings of a suppression court, this Court must determine whether the record "supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings.  In making this determination, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Hunt,* 280 Pa.Super. 205, 421 A.2d 684 (1980); *Commonwealth v. Kichline,* 468 Pa. 265, 361 A.2d 282 (1976).

The arresting officer testified that from a nearby roof, he watched through binoculars an exchange between appellant and a second man that occurred in the corner of a gas station lot about thirty five yards away.  He saw appellant transfer a blue and white container to a second man who poured from it three plastic triangular packets approximately one half inch on each side, containing a white substance. After some conversation, the second man shook his head, put the triangular packets in the blue and white container, handed the container back to appellant, and walked away. (N.T. 4, 7.)

The arresting officer had been told by another officer that a week earlier, appellant had admitted that he used cocaine. (N.T. 10.)  In addition, an informant who had twice previ-

1.  Act of April 14, 1972, P.L. 233, No. 64, *as amended,* 35 P.S. 780–113(a)(16).

ously provided information that led to arrests had told the arresting officer that he had recently seen appellant selling narcotics. (N.T. 13.)

On the basis of his observations and facts conveyed by informants, the arresting officer radioed two other policemen and requested them to stop appellant. The arresting officer then descended from the roof and joined appellant and the two other policemen in a nearby street. The arresting officer immediately read appellant his *Miranda* rights. He then asked appellant about the three small white triangular packets that appellant had been displaying in the gas station lot. Appellant replied that he had been showing off a roach clip that his sister had sent him from State College for his birthday. (N.T. 8.)

In response to this reply, and without permission, the officer proceeded to conduct a thorough search of appellant's person. His search produced the blue and white container, with three small triangular plastic bags containing a white substance later found to be cocaine.[2] The officer then "officially" placed appellant under arrest. (N.T. 8.)

Appellant contends that the cocaine should have been suppressed because it was the fruit of a search incident to an illegal arrest. We disagree. As appellant concedes in his brief, there was a constructive arrest prior to the time when the arresting officer verbally informed appellant that he was under arrest. We hold: (1) that appellant was arrested at the time the arresting officer began to search appellant, before any narcotics had been discovered; (2) that there was ample probable cause for this arrest; and (3) that the search

2. We note that the testimony of the arresting officer was that he "frisked" appellant. A frisk is a limited pat down for weapons. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969). By his own account, the arresting officer conducted not a frisk but a full search. On discovering the plastic container, which could hardly have been a weapon, he seized it and opened it. Moreover, appellant testified that the arresting officer made him place his hands against a wall, searched him several times, and emptied his wallet and pockets. (N.T. 24.)

42

was constitutionally justified as a search incident to an arrest.

When an arrest occurs is a fact which depends on an evaluation of all the surrounding circumstances. An arrest may be constructive or actual. *Curran v. Dural,* 512 F.Supp. 699 (E.D.Pa.1981). An officer is not required to make any formal declaration of arrest, use the word "arrest," or apply manual force or exercise "physical restraint as to be visible to the eye" in order to arrest a person. *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963).

When appellant was arrested in this case depends on when appellant could reasonably have concluded from the circumstances that the officer intended to take him into custody, *i.e.* when there were reasonable grounds to believe that the officer had subjected him to his actual control and will. *Bosurgi, supra; accord, Commonwealth v. Brown,* 230 Pa. Super. 214, 326 A.2d 906 (1974); *Commonwealth v. Haggerty,* 282 Pa.Super. 369, 422 A.2d 1336 (1981).

Appellant contends that the arrest took place when the arresting officer's fellow policemen stopped appellant. This contention is meritless. The Commonwealth's testimony indicates that there was no restraint exercised upon appellant's person prior to the arrival of the arresting officer on the scene. We need not decide here whether the stop became an "arrest" when appellant was read his *Miranda* rights. It is clear, however, that when appellant had been read his rights, had been confronted by an officer with detailed knowledge of the size, number and shape of packets of narcotics concealed on appellant's person, and had been ordered to place his hands against a wall so that he could be searched, appellant could reasonably assume that he was under arrest. *Bosurgi, supra.*

At the time the arresting officer began to search appellant, there was probable cause to arrest appellant for illegal possession of narcotics. The arresting officer knew *inter alia* about an informant's reports about appellant's drug related activities, about his own observations of appellant's

highly suspicious conduct in the gas station lot, and had reason to believe that appellant was lying about that conduct. This knowledge is at least equivalent to the facts establishing probable cause in *Commonwealth v. Norwood*, 456 Pa. 330, 319 A.2d 908 (1974).[3]

Since appellant's arrest was based on probable cause, the search incident to arrest entailed no violation of appellant's Fourth Amendment rights. *Commonwealth v. King*, 247 Pa.Super. 443, 372 A.2d 908 (1977). Therefore, the lower court did not err when it refused to suppress the fruits of that search.

Accordingly, the judgment of sentence affirmed.

---

**3.** *Commonwealth v. Hunt, supra,* and *Commonwealth v. Santiago*, 220 Pa.Super. 111, 283 A.2d 709 (1971), cited by appellant, are distinguishable from the instant case. In those cases, no informant had provided the police with reasonably reliable information concerning the suspect's activities. Nor did the arresting officer in those cases see, prior to his search, anything as unmistakeably narcotics related as three small white packets in the suspect's possession.