453 A.2d 338

**COMMONWEALTH of Pennsylvania**

v.

**Mary Elaine ZENYUH, Appellant.**

Superior Court of Pennsylvania.

Argued March 22, 1982.

Filed Oct. 22, 1982.

Reargument Denied Dec. 30, 1982.

Arthur L. Goldberg, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

ROWLEY, Judge:

Appellant was convicted, after a jury trial, of involuntary manslaughter in connection with the stabbing death of her husband. Her post-trial motions were denied and on April 1, 1981, she was sentenced to not less than two years nor more than four years imprisonment. This direct appeal followed.

Appellant raises three issues on appeal: 1) Did the court err in refusing to admit the testimony of Barbara Hart as an expert witness on the subject of battered women?;[1] 2) Did the Court err in refusing two of appellant's requested points for charge?; and 3) Was the evidence insufficient to support the conviction because the Commonwealth failed to prove beyond a reasonable doubt that appellant was not acting in self-defense?

1. See generally, Comment, *The Battered Spouse Syndrome As A Defense To A Homicide Charge Under the Pennsylvania Crimes Code,* 26 Vill.L.Rev. 105 (1980–1981).

We find appellant's third argument to have merit and therefore need not discuss the other two issues raised in this appeal.

The record in this case reveals the following. The appellant and Mr. Zenyuh dated for six years and had been married approximately one year when the stabbing occurred. Their relationship was marked by frequent arguments, during which Mr. Zenyuh often beat appellant. After several of these beatings, appellant sought treatment at a hospital emergency room. The hospital records were introduced into evidence. It was also necessary for her to seek medical treatment for injuries to her ear and to her eye, both of which resulted from beatings by her husband. Letters from the doctors treating those injuries were introduced. Appellant testified that her husband had threatened to kill her if she ever left him.

On the date of the stabbing, appellant and her husband began arguing early in the evening. At about 9:00 PM, appellant and her husband went to a lounge in Dauphin County to meet Mr. Zenyuh's brother, Greg, and Greg's girlfriend Nancy. The purpose of the gathering was to celebrate the Zenyuh's coming wedding anniversary. Both appellant and her husband were drinking that night. Tests showed appellant's blood alcohol level to be .13 and her husband's to be .17. At first the evening was pleasant. However, an argument developed. Appellant asked her husband for the keys to her car so that she could leave. Mr. Zenyuh refused to give her the keys. When they did leave, appellant testified that her husband began to hit and kick her. Pictures taken a few days later while appellant was in jail showed bruises on her legs, arms and neck. The hitting continued in the car. Appellant retaliated by pulling her husband's hair. When they arrived at the house, appellant told her husband she was leaving him and again asked for her keys. Mr. Zenyuh again refused. Appellant entered the house and began looking for her extra set of keys. While she was looking in the kitchen, her husband entered the room. Appellant testified that he was in a rage and she

believed that he was at least going to beat her, and possibly would kill her. She picked up a kitchen knife. Mr. Zenyuh came at her and grabbed her arms. A struggle began, during which Mr. Zenyuh was cut or stabbed several times. He then left the house and went next door to seek help. Mr. Zenyuh later died from his injuries.

The above recited facts clearly raised the defense of self-defense. In addition to that evidence, appellant also presented the testimony of a psychiatrist, Dr. John Hume. It was Dr. Hume's expert opinion that at the time of the stabbing, appellant reasonably believed that she was in imminent danger of death or great bodily harm.

 The burden is on the Commonwealth to prove beyond a reasonable doubt that a defendant claiming self-defense did not so act. *Commonwealth v. Black,* 474 Pa. 47, 376 A.2d 627 (1977); *Commonwealth v. Cropper,* 463 Pa. 529, 345 A.2d 645 (1975). The Commonwealth sustains its burden if it proves any one of the following elements: (1) that the defendant did not reasonably believe she was in danger of death or serious bodily injury, (2) that the defendant provoked the use of force, or (3) that the defendant had a duty to retreat and that retreat was possible with complete safety. *Commonwealth v. Helm,* 485 Pa. 315, 321, 402 A.2d 500, 503 (1979).

As was stated in the trial court's opinion, the Commonwealth did not contend that appellant had any duty to retreat. Therefore, we must determine if the Commonwealth proved that appellant's belief that she was in danger was not reasonable or that she provoked the use of force.

 The Commonwealth argues that appellant's belief that she was in danger was not reasonable, because the decedent did not have a weapon and there was no evidence that the decedent was beating appellant at the time of the slaying. However, it has been held that in a case in which there has been physical abuse over a long period of time, the circumstances which assist the court in determining the

reasonableness of defendant's fear at the time of a killing include the defendant's familiarity with the victim's behavior in the past. *Commonwealth v. Watson,* 494 Pa. 467, 472, 431 A.2d 949, 952 (1981). In this case, appellant had been beaten by her husband many times over a six year period. There was also evidence that he had beaten her immediately prior to the stabbing and was still in a rage when the stabbing occurred. He had told her that if she ever tried to leave him, he would kill her. On the night of the stabbing, appellant was attempting to leave her husband. The fact that appellant was not being beaten at the exact moment she stabbed her husband does not prove beyond a reasonable doubt that her belief that she was in serious danger was unreasonable. In the *Watson* case, it was also held that the fact that the victim did not have a weapon was not sufficient to sustain a finding that it was unreasonable for the wife to believe that she was in imminent danger of death or great bodily harm. *Commonwealth v. Watson,* 494 Pa. at 472, 431 A.2d at 952.

The Commonwealth relies on the testimony of Gregory Zenyuh to prove that appellant provoked the use of force. Mr. Zenyuh's testimony concerning how the argument began at the lounge was as follows:

"We were having a good time in the lounge and around a quarter to one, after we had a second round of shots, I commented to my fiance this would remind me when we would go out with some people in my office where I worked and how we would raise a large tab, around $100 to $120, because there were fifteen people with us and we would naturally be able to raise a $100 or so tab. Also, I would always drink a shot whenever we would go out with friends from work and the one instance was we drank Bacardi's Rum 151. At that point, Mary Elaine told me there isn't any Bacardi's 151 and Eugene said they should know because he was at the place, and she turned to Eugene and said, well you never stick with me whether I'm right or wrong. And we—she started talking to my

fiance stating, well, that, well you love your little sister and you're never willing to say that I'm right. And it started to get to be a little bit of an argument..."

■ Appellant's part in the above exchange clearly did not constitute any type of provocation to the use of force against herself. Furthermore, Mr. Zenyuh admitted on cross-examination that he had no idea what occurred after appellant and her husband left the lounge.

It should be pointed out that Gregory Zenyuh's testimony was entirely consistent with the story told by appellant. The same can be said of the testimony of the three officers who investigated the incident. Furthermore, Detective Sheaffer, who interviewed appellant shortly after the incident, testified that she told him that her husband had beaten her that night and also testified that she had a "black and bluish mark" underneath her eye.

The only other witnesses presented by the Commonwealth were appellant's next door neighbor, who described the actions taken to aid the decedent, and a pathologist, who described the nature of the decedent's wounds.

■ The only other evidence which the Commonwealth claims rebuts appellant's defense was brought out during cross-examination of appellant. During cross-examination, appellant admitted that she drank often, that the arguments usually occurred when both parties had been drinking and that she tended to lose her temper when she drank. These facts are not sufficient to prove beyond a reasonable doubt that appellant did not act in self-defense.

In reviewing the sufficiency of the evidence to support a conviction, we must view that evidence in the light most favorable the verdict winner, which in this case is the Commonwealth. All reasonable inferences which may be drawn from the evidence must be drawn favorably to the verdict winner, *Commonwealth v. Smith,* 484 Pa. 71, 398 A.2d 948 (1979). Having so viewed the evidence, we con-

clude that the Commonwealth has failed to sustain its burden of proving appellant's guilt beyond a reasonable doubt.

The Judgment of Sentence is reversed and appellant is discharged.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

I dissent.

Mrs. Zenyuh argues that at the time in question she reasonably believed her husband was about to kill her and that it was necessary to stab him in order to save herself. Mrs. Zenyuh asserts that this belief was based on her knowledge that 1) her husband had beaten her repeatedly throughout their relationship; 2) he had threatened to kill her if she left him and she had just announced her intention to leave; and 3) he was in a rage and had a certain look in his eyes which scared her.

No testimony was presented that the decedent had ever previously used deadly force against Mrs. Zenyuh. Although Mrs. Zenyuh testified that the decedent had threatened to kill her if she left him, this threat had occurred several years prior to the stabbing and there is no evidence that it was in any way an issue in the argument and altercation on the night in question. While the decedent may well have been enraged as he approached Mrs. Zenyuh, there is no evidence he intended to use deadly force against her.

It is true, as the majority asserts, that an assailant need not possess a weapon in order for his victim to reasonably fear he will suffer death or serious bodily injury, however, more is required to justify the use of deadly force in self-defense than an enraged and abusive perpetrator and a threat issued several years previously.

I would affirm the judgment of sentence.[1]

1. I find no merit in appellant's remaining issues on appeal.