486 A.2d 504

**COMMONWEALTH of Pennsylvania**

v.

**Thomas BODEN, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1984.

Filed Dec. 21, 1984.

Petition for Allowance of Appeal Granted Aug. 12, 1985.

John M. Gallagher, Media, for appellant.

Dennis C. McAndrews, Assistant District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, President Judge, and BECK and TAMILIA, JJ.

BECK, Judge:

Appellant police officer was found guilty of Involuntary Manslaughter by a jury. He subsequently filed post-verdict motions in arrest of judgment and for a new trial which were denied. A timely appeal was filed. For the reasons discussed below, we affirm the judgment of sentence.

Appellant police officer responded to a radio report that a man (the victim) was chasing children with an axe. The victim, Marne Toogood, met the appellant and two other police officers at the door of his home when he responded to their knock. Toogood pushed one of the officers back, grabbed an axe handle, and demanded the officers leave his property. The officers backed up to the sidewalk, and told the victim to drop the axe handle. The victim refused, and appellant drew his service revolver. The victim still refused to drop the handle, and appellant fired one warning shot into the air. Appellant then shot the victim in his lower lip, and the victim dropped to the ground.

One of the officers kicked the axe handle out of the victim's reach. Appellant fired a third shot which hit the victim in his chest, killing him. Testimony conflicts as to whether the victim was on the ground or in the process of getting up from the ground when appellant fired the third and fatal shot.

Appellant contends that the trial court erred in failing to instruct the jury that as a police officer making an arrest appellant was not under a duty to retreat from the victim. The lower court characterized appellant's actions before the shooting as an investigatory stop and not as an arrest or an attempt to arrest. The court therefore concluded it did not have to instruct the jury that appellant did not have a duty to retreat.

Although we disagree with the lower court's finding that no arrest or attempt to arrest occurred, we affirm the judgment.[1]

 We conclude that appellant's action constituted an arrest. The victim's behavior against the officers amounted

1. "It is well established that an appellate court may affirm the action of a lower court on a different rationale than that advanced by the lower court in support of its Order, Decree or Judgment." *Commonwealth ex rel. Wardrop v. Warden,* 237 Pa.Super. 502, 504, 352 A.2d 88, 89 (1975); *Commonwealth v. Meischke,* 273 Pa.Super. 134, 416 A.2d 1126 (1979).

to a prima facie case of simple assault, a misdemeanor of the second class, 18 Pa.C.S. § 2701(a) & (b). A police officer may make a warrantless arrest for a misdemeanor he has witnessed. *Commonwealth v. Ellis,* 233 Pa.Super. 169, 335 A.2d 512 (1975); *Commonwealth v. Calvarese,* 199 Pa.Super. 319, 185 A.2d 657 (1962). No magic words or acts are required to effectuate an arrest. "An arrest may be accomplished by 'any act that indicates an intention to take [a person] into custody and that subjects him to the actual control and will of the person making the arrest.'" *Commonwealth v. Bosurgi,* 411 Pa. 56, 68, 190 A.2d 304, 311, *cert. denied,* 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963), *quoting* 5 Am.Jur.2d, Arrest, § 1; *see Commonwealth v. Silo,* 480 Pa. 15, 389 A.2d 62 (1978), *cert. denied,* 439 U.S. 1132, 99 S.Ct. 1053, 59 L.Ed.2d 94 (1979).

When an arrest occurs is a fact dependent on an evaluation of the surrounding circumstances. *Commonwealth v. Crissy,* 304 Pa.Super. 38, 450 A.2d 89 (1982). Looking at the surrounding circumstances in the case sub judice, we conclude that appellant and his fellow officers were in the process of arresting the victim. Appellant had his gun drawn on the victim whose actions constituted simple assault. The victim's freedom was curtailed and the officers' conduct reflected an intention to take the victim into custody.

The central question in the case was whether appellant reasonably believed that deadly force was necessary to prevent death or serious bodily injury. The judge's instructions were focused on and invited the jury to concentrate on this question. To instruct the jury on the spectrum of law *inapplicable* to the appellant would be unnecessary, irrelevant and confusing to the jury. A court owes a duty to the jury not to confuse it with irrelevant instructions. *Commonwealth v. Kwatkoski,* 267 Pa.Super. 401, 406 A.2d 1102 (1979); *see Commonwealth v. Carter,* 502 Pa. 433, 466 A.2d

1328 (1983) (manslaughter charge only necessary where the offense is an issue in the case, and the trial evidence would reasonably support such a verdict); *Commonwealth v. White,* 490 Pa. 179, 415 A.2d 399 (1980); *Commonwealth v. Ross,* 434 Pa. 167, 252 A.2d 661 (1969) (failure to instruct jury that defendant under no duty to retreat was not error where facts made such a charge inapplicable).

■ The record reveals that the appellant did not pursue the question of retreat at trial. The Commonwealth touched fleetingly on the question in one instance.[2] Retreat was simply not part of the case.

■ Appellant also claims that the jury arrived at its verdict by compromise, and cites a newspaper report containing postverdict interviews with jurors. However, a juror is incompetent to testify as to what transpired in the jury room, and may not impeach the verdict after the jury has been discharged. *Commonwealth v. Sero,* 478 Pa. 440, 387 A.2d 63 (1978); *see Commonwealth v. Williams,* 279 Pa.Super. 28, 420 A.2d 727 (1980); *Commonwealth v. Spencer,* 259 Pa.Super. 415, 393 A.2d 895 (1978). The only exception to this rule applies when there have been extraneous influences on the jury deliberation process, an exception

2. On cross-examination of appellant the Commonwealth indirectly raised the question of retreat as follows:

Q. Okay. So for the third shot, if his head is here where the blood spot has been marked, it would be at least another six feet back further; correct?

A. Roughly, yes, sir.

Q. And this is a vacant lot here? (Indicating) Vacant lot?

A. Yes, sir.

Q. So if you wanted to, there was nothing behind you here which would have prevented you from retreating even further; is that right?

A. Yes.

N.T. 10/7/81 at 89.

In five volumes of transcript containing 540 pages, the above reference is the only one relating to the duty to retreat. Given the undisputed testimony that the victim's weapon had been dropped and kicked out of his reach when the fatal shot was fired by appellant, the fact that the appellant did not have a duty to retreat is irrelevant.

inapplicable to the instant facts. Appellant's contention is without merit.

Accordingly, the judgment of sentence is affirmed.

SPAETH, President Judge, concurred in the result.

TAMILIA, J., filed dissenting opinion.

TAMILIA, Judge, dissenting:

The majority has determined that the duty to retreat under the circumstances of this case was not relevant. I do not believe this is the issue presented by appellant. The majority would adopt a view of the facts that under any circumstance, the officer had no right to use deadly force. The failure of the lower court to instruct on the duty of a police officer to retreat or desist from efforts to make a lawful arrest is exacerbated by the court's determination that the officer's actions were not pursuant to a lawful arrest. The majority acknowledges the latter was error on the part of the lower court. If the lower court had concluded that the officer was engaged in a lawful arrest, it is obvious that the officer's duty to retreat or desist becomes a relevant issue under 18 Pa.C.S.A. § 508(a)—*Peace officer's use of force in making arrest.* Since the Commonwealth has the burden of disproving justification beyond a reasonable doubt, *Commonwealth v. Cropper,* 463 Pa. 529, 345 A.2d 645 (1975); *Commonwealth v. Zenyuh,* 307 Pa.Super. 253, 453 A.2d 338 (1982); *Commonwealth v. Rittle,* 285 Pa.Super. 522, 428 A.2d 168 (1981) (Commonwealth must prove beyond a reasonable doubt that defendant was not acting in self-defense) and that the defendant did not reasonably believe the use of deadly force was necessary, the court's initial error precluded a determination in the first instance by the court as to whether the Commonwealth met its burden and perhaps thereafter, by the jury after an appropriate instruction. If a jury could have found that the deceased was actively engaged in life-threatening behavior with a deadly weapon, and despite actions by the police to

halt his advance under circumstances present at that time including the officer's reasonable beliefs about the alleged voodoo power of the deceased as he made movements which could be construed to be a continued advance, then a jury could find the police officer was entitled to take additional forceful action. Clearly, the issue of justification in this Commonwealth, when properly raised, is a factual one which must be resolved by the fact finder. *Commonwealth v. Berrigan*, 325 Pa.Super. 242, 472 A.2d 1099 (1984) (citations omitted). By erroneously holding that the arrest was not a legal arrest, the court denied the defendant an opportunity to have the jury consider the legal implications of that defense and to pass on the facts proposed by the defendant to establish his state of mind and the reasonableness of his actions. Under similar situations, a civilian would be required to retreat or desist if he could do so with safety, whereas a police officer was not. The court's failure to charge was even more prejudicial to the defendant as the District Attorney, in his brief, acknowledged that the Commonwealth did not attempt to overcome the appellant's claim of self-defense as it applied to the duty to retreat or desist. By not attempting to disprove the officer's right to self-defense as to those elements, the District Attorney apparently believes he can control the defense's theory of the case by making it a non-issue. The Commonwealth's duty is to disprove beyond a reasonable doubt all elements of the defendant's claim of justification, not only those he considers relevant. *See Rittle, Cropper, supra.* The appellant has the right to a charge on justification to the fullest extent permitted by law, not to be controlled by the Commonwealth's theory, and as *Berrigan, supra* teaches, not to be limited by the court's or the Commonwealth's interpretation of the facts, but those proposed by the defendant and considered by the jury as it is guided by the relevant law. We can only guess as to what a jury would have done if given the requested instruction. For this reason, I would reverse and remand for a new trial.