J-S08002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES LEONARD RUSSELL | : | |
| | : | |
| Appellant | : | No. 1706 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012425-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES LEONARD RUSSELL | : | |
| | : | |
| Appellant | : | No. 1707 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009272-2017

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 29, 2020**

Appellant, James Leonard Russell, appeals from the judgment of sentence entered on May 21, 2018, as made final by the denial of Appellant's post-sentence motion on November 26, 2018.  We affirm.

The trial court ably summarized the underlying facts of this case.

> At trial, S.G., the daughter of Appellant's former paramour, testified that Appellant lived with her from when she was in second grade until some point when she was in the third

grade. S.G. described Appellant as kind at first, the father figure she was lacking. Appellant was trusted to watch S.G. and her siblings while her mother was not in the home. . . .

S.G. testified that one day, she was downstairs in the living room watching television when Appellant called her upstairs to her mother's bedroom. She was seven years old at the time. Appellant closed the door and she sat on the bed while he stood next to her and rubbed her arm with his hand, then he rubbed her stomach and thighs. He pulled down her pants and she was scared because no other adult was home to help her. . . .

Appellant told her to turn around and positioned her such that her hands were on the bed and her knees were on the floor. She heard him remove his belt and unzip his jeans. Appellant placed her on the bed, placed her face down, and inserted his penis into her vagina. He took his penis out and inserted his fingers and penis alternately for approximately five minutes. Afterward, Appellant instructed her not to tell her mother. . . .

[S.G.] testified that he attempted to do this to her four times. Once, she went into her mother's room to retrieve her dolls. Appellant entered the room behind her and shut the door. He took off all of her clothes and pulled his pants down to his ankles. He kissed her on the lips and then penetrated her vaginally and anally. Specifically, she testified that Appellant put his penis in "both holes." She stated that Appellant put his penis in her "butt part" "but it didn't go all the way in." Every time that he did this it hurt. On the last occasion she told him "No" and when he said, "Just one more time, please?" she replied, "No, get out of my room." He left, but threatened to hurt her if she told her mom or anyone else.

Another victim, I.W., testified that she had been touched by Appellant in 2011, when she was six years old. She recalled an incident when her mother and S.G.'s mother went to pick up I.W.'s father from work, leaving Appellant alone with S.G. and I.W. at S.G.'s house. I.W. testified that she and S.G. fell asleep on the couch. I.W. said that Appellant came into the living room, shirtless and drunk. She pretended to be asleep while he touched her leg and tried to pull her skirt up. He repeatedly whispered "Are you a big girl?" and then

responded, "No, you are not a big girl." She heard him unbuckle his belt and she felt afraid, so she jumped up and asked him for more blankets.

Trial Court Opinion, 5/16/19, at 2-3 (citations omitted).

The cases against Appellant were joined for trial. As to S.G., the jury found Appellant guilty of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, corruption of minors, and indecent assault – person less than 13 years of age;[1] as to I.W., the jury found Appellant guilty of endangering the welfare of a child, unlawful contact with a minor, indecent assault – person less than 13 years of age, and corruption of minors.[2] On May 21, 2018, the trial court sentenced Appellant to serve an aggregate term of 226 to 472 months in prison for his convictions.

The trial court denied Appellant's post-sentence motion on November 26, 2018 and Appellant filed a timely notice of appeal. Appellant raises five claims on appeal:

> [1.] Did the [trial] court err when it granted the Commonwealth's motion for joinder and ordered the two separate criminal informations filed against [Appellant] to be tried together when the offenses charged were not based on the same act or transaction, the evidence of each of the offenses would not have been admissible in a separate trial for the other, and the evidence was not susceptible to separation by the jury so that there was no danger of

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 6318(a)(1), 6301(a)(1)(ii), and 3126(a)(7), respectively.

[2] 18 Pa.C.S.A. §§ 4304(a)(1), 6318(a)(1), 3126(a)(7), and 6301(a)(1)(i), respectively.

confusion [and Appellant] was unduly prejudiced by the consolidation [of] the criminal informations?

[2.] Relative to [I.W.], was the evidence insufficient to sustain the conviction for endangering the welfare of children, as the Commonwealth failed to prove beyond a reasonable doubt (1) that [Appellant] was a parent, guardian, or other person supervising the welfare of I.W.; (2) that [Appellant] violated a duty of care, protection or support to I.W.; or (3) that [Appellant] engaged in inappropriate sexual touching of I.W.?

[3.] Relative to accuser I.W., was the evidence insufficient to sustain the conviction for unlawful contact with minor, as the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] (1) intentionally contacted I.W. and (2) that he intentionally contacted I.W. for the purpose of engaging in inappropriate sexual contact as prohibited by Chapter 31 of the Crimes Code?

[4.] Relative to accuser I.W., was the evidence insufficient to sustain the conviction for indecent assault, as the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] had indecent contact with I.W. Specifically, the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] touched I.W.'s sexual or other intimate parts?

[5.] Relative to accuser, I.W., was the evidence insufficient to sustain the conviction for corruption of minors, as the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] corrupted or tended to corrupt the morals of I.W. by the acts of sexual contact?

Appellant's Brief at 8-9 (some capitalization omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able trial court judge, the Honorable Jill E. Rangos. We conclude that Appellant is not entitled to relief in this case, for the reasons expressed in Judge Rangos' May 16, 2019

opinion. Therefore, we affirm on the basis of Judge Rangos' thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Rangos' May 16, 2019 opinion.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/2020

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

JAMES RUSSELL,
Appellant

CRIMINAL DIVISION

CP-02-CR-09272-2017
CP-02-CR-12425-2017

## OPINION

RANGOS, J.                                                    May 16, 2019

On March 2, 2018, a jury convicted Appellant, James Russell, at CP-02-CR-09272-2017 of one

count each of Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child ("IDSI"), Unlawful

Contact with a Minor, Corruption of Minors, and Indecent Assault-Person Less than 13 Years of

Age.[1]   The jury also found Appellant guilty at CP-02-CR-12425-2017 of one count each of

Endangering the Welfare of a Child, Unlawful Contact with a Minor, Indecent Assault-Person Less

than 13 Years of Age, and Corruption of Minors.[2]  This Court sentenced Appellant to 210 to 420

months of confinement with five years of consecutive probation at CC 2017-09272, and 16 to 32

months of incarceration, followed by five years of probation, at CC 2017-12425.  The period of

incarceration at CC 2017-12425 ran consecutively to the period of incarceration at CC 2017-09272.

Appellant filed a Post-Sentence Motion which this Court denied on November 1, 2018.[3]  Appellant

---

[1] 18 Pa. C.S. §§ 3121 (c), 3123 (b), 6318 (a) (1) and (b) (1), 6301 (a) (1) (ii), 3126 (a) (7), respectively.

[2] 18 Pa. C.S. §§ 4304 (a) (1), 6318 (a) (1) and (b) (2), 3126 (a) (7), 6301 (a) (1), respectively.

[3] This Court notes that, although the Order of Court entered November 1, 2018 has been properly date-stamped by the Department of Court Records, a subsequent Order was issued on November 26, 2018 denying the Post-Sentence Motion by Operation of Law.  Since Appellant filed his appeal on November 30, 2018, within the appeal period of either date, this error by the department of Court Records is of no moment.

2

filed a Notice of Appeal on November 30, 2018 and a Statement of Matters Complained of on February 5, 2019.

## MATTERS COMPLAINED OF ON APPEAL

Appellant alleges seven errors on appeal, five of which pertain to the sufficiency of evidence. In his first error alleged on appeal, Appellant asserts that this Court erred in joining two criminal informations for a single trial. Next, Appellant alleges that the evidence was insufficient on the IDSI count relative to the victim S.G., the EWOC, Unlawful Contact with a Minor and Indecent Assault counts relative to the victim, I.W., and on the Corruption of Minors count relative to both victims. Lastly, Appellant alleges that this Court denied his right to a jury and a unanimous verdict, because he was charged with one count of Rape of a Child and testimony elicited two separate incidents which could support the charge, such that members of the jury may not have unanimously convicted Appellant as to the same incident. (Statement of Errors Raised on Appeal at 4-5).

## SUMMARY OF THE EVIDENCE

At trial, S.G., the daughter of Appellant's former paramour, testified that Appellant lived with her from when she was in second grade until some point when she was in the third grade. (Transcript of Jury Trial, Nov. 30, 2018, hereinafter "TT" at 84-88) S.G. described Appellant as kind at first, the father figure she was lacking. (TT 89) Appellant was trusted to watch S.G. and her siblings while her mother was not in the home. (TT 90) S.G. testified that one day, she was downstairs in the living room watching television when Appellant called her upstairs to her mother's bedroom (TT 92) She was seven years old at the time. (TT 95) Appellant closed the door and she sat on the bed while he stood next to her and rubbed her arm with his hand, then he rubbed her stomach and thighs. (TT 96) He pulled down her pants and she was scared because no other adult was home to help her. (TT 98)

3

Appellant told her to turn around and positioned her such that her hands were on the bed and her knees were on the floor. (TT 99) She heard him remove his belt and unzip his jeans. (TT 101) Appellant placed her on the bed, placed her face down, and inserted his penis into her vagina. (TT 104) He took his penis out and inserted his fingers and penis alternately for approximately five minutes. (TT 106) Afterward, Appellant instructed her not to tell her mother. (TT 107) She testified that he attempted to do this to her four times. (TT 110) Once, she went into her mother's room to retrieve her dolls. (TT 114) Appellant entered the room behind her and shut the door. *Id.* He took off all of her clothes and pulled his pants down to his ankles. (TT 115) He kissed her on the lips and then penetrated her vaginally and anally. (TT 116-117) Specifically, she testified that Appellant put his penis in "both holes." (TT 117) She stated that Appellant put his penis in her "butt part" "but it didn't go all the way in." *Id.* Every time that he did this it hurt. (TT 118) On the last occasion she told him "No" and when he said, "Just one more time, please?" she replied, "No, get out of my room." (TT 113) He left, but threatened to hurt her if she told her mom or anyone else. *Id.*

Another victim, I.W., testified that she had been touched by Appellant in 2011, when she was six years old. (TT 240) She recalled an incident when her mother and S.G.'s mother went to pick up I.W.'s father from work, leaving Appellant alone with S.G. and I.W. at S.G.'s house. (TT 241) I.W. testified that she and S.G. fell asleep on the couch. (TT 242) I.W. said that Appellant came into the living room, shirtless and drunk. (TT 244, 252) She pretended to be asleep while he touched her leg and tried to pull her skirt up. (TT 244) He repeatedly whispered "Are you a big girl?" and then responded, "No, you are not a big girl." (TT 246) She heard him unbuckle his belt and she felt afraid, so she jumped up and asked him for more blankets. (TT 247)

4

# DISCUSSION

Appellant alleges that this Court abused its discretion in granting the Commonwealth's Pretrial Motion to Join Cases CP-02-CR-09272-2017 and CP-02-CR-12425-2017. "[T]he propriety of consolidating separate indictments for trial is a matter of discretion with the trial judge, and the exercise of this discretion will be reversed only for manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Moore*, 344 A.2d 850, 852 (Pa. 1975). Specifically, joinder is governed by Rule 582 of the Pennsylvania Rules of Criminal Procedure, which states:

> Offenses charged in separate indictments or informations may be tried together if (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. Rule 582 (A) (1).

This Court determined that joinder was appropriate because the charges involve similar charges and circumstances. Appellant, in both cases, inappropriately touched children of similar ages, one child was the daughter of his paramour, the other was that child's friend and neighbor; the parents of both children trusted him to supervise their children. The victims knew one another and one victim, I. W., was assaulted in the presence of the victim on the other case. Since the evidence would be admissible to show a common plan or pattern, joinder was appropriate and this Court did not abuse its discretion. Similar sexual offenses committed several months apart may be joined in a single trial. *See, e.g., Commonwealth v. Newman*, 598 A.2d 275, 277 (Pa. 1991).

Next, Appellant challenges the sufficiency of the evidence as it relates to the IDSI, EWOC, Unlawful Contact, Indecent Assault, and Corruption of Minors.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be

5

resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super.2014), quoting *Commonwealth v. Phillips*, 93 A.3d 847, 856 (Pa.Super.2014) (citations omitted; bracketed material in original).

With respect to the victim S.G., Appellant challenges the sufficiency of the evidence as it relates to the charges of IDSI and Corruption of Minors. IDSI, 18 Pa.C.S. § 3123 (b), is defined as follows:

§ 3123. Involuntary deviate sexual intercourse

(b) Involuntary deviate sexual intercourse with a child.--A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S. § 3123 (b). S.G. testified, when she was approximately seven years old, Appellant penetrated her vaginally and anally and that it hurt. (TT 116-117) This testimony satisfies the elements of the offense charge.

Corruption of Minors, 18 Pa.C.S. § 6301 (a) (ii), is defined as follows:

§ 6301. Corruption of minors

(a) Offense defined.--
(i)            *            *            *
(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age.

18 Pa.C.S. § 6301 (a) (ii). As stated above, Appellant inappropriately touched S.G. in a sexual manner on multiple occasions. Appellant penetrated S.G. vaginally and anally. S.G. was under 18 and Appellant was over 18 at the time. Under these facts, the sufficiency challenge is without merit.

6

The remaining sufficiency challenges relate to the victim I.W. Appellant alleges the evidence is insufficient as it relates to the EWOC, Unlawful Contact, Indecent Assault, and Corruption of Minors charges. EWOC, 18 Pa.C.S.A. § 4304, is defined as follows:

§ 4304. Endangering welfare of children

(a) Offense defined.—

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

(2) A person commits an offense if the person, in an official capacity, prevents or interferes with the making of a report of suspected child abuse under 23 Pa.C.S. Ch. 63 (relating to child protective services).

(3) As used in this subsection, the term "person supervising the welfare of a child" means a person other than a parent or guardian that provides care, education, training or control of a child.

18 Pa.C.S. § 4304 (a). The evidence introduced at trial was that Appellant, who was a trusted neighbor and friend of the family, was left as babysitter to I.W., a child under eighteen years of age, and other children when other adults left the residence. In that moment, he was responsible for the care and protection of I.W., a duty he breached by touching her leg inappropriately, attempting to pull up her skirt, and whispering "Are you a big girl?" A fair reading of the testimony is that Appellant intended to molest I.W. and began to touch her and speak to her inappropriately towards that end. Appellant's claim regarding sufficiency is without merit.

Turning to the next count, 18 Pa.C.S. § 6318 is defined as follows:

§ 6318. Unlawful contact with minor

(a) Offense defined.—A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

7

18 Pa.C.S. § 6318 (a). The evidence indicates that Appellant said, over and over to I.W., "Are you a big girl. No you are not a big girl." He drunkenly touched her leg and attempted to pull up her skirt. Appellant's words and actions indicate that his intent was to commit a Chapter 31 offense.

Next, 18 Pa.C.S. § 3126 (a) (7) is defined as follows:

§ 3126. Indecent assault

(a) Offense defined.--A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person [* * *] for the purpose of arousing sexual desire in the person or the complainant and:

*                            *                            *

(7) the complainant is less than 13 years of age;

18 Pa.C.S.A. § 3126 (a) (7). Appellant touched I.W.'s leg and attempted to pull up her skirt, while repeatedly whispering inappropriate comments indicative of his indecent intent. These facts support a conviction for Indecent Assault.

18 Pa.C.S. § 6301 (a) (ii) is defined as follows:

§ 6301. Corruption of minors

(a) Offense defined.--
(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree..

18 Pa.C.S. § 6301 (a) (i). As stated above, Appellant inappropriately tried to pull up I.W.'s skirt and made inappropriate statements to her. I.W. was under 18 and Appellant was over 18 at the time. Under these facts, the sufficiency challenge is without merit.

Lastly, Appellant alleges his right to a unanimous verdict was violated when he was charged with one count of Rape of a Child, yet two incidents described in the testimony could fit the one

8

charge and Appellant asserts there is no way to know which incident the jurors attached to the Rape of a Child count. This Court notes that the jury instructions regarding this offense clearly articulated the elements of this offense and trial counsel did not object or request clarification to the jury instruction or to the verdict slip. (TT 376—378, 395-396) Therefore, this issue is waived.

> Appellant next argues that those objections not contemporaneously raised below were nevertheless "raised in the lower court" by virtue of having been set forth in post-sentence motions. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Appellant has failed to show that Rule 302(a) has ever been interpreted as meaning that issues may be raised at any time during the lower court proceedings in order to preserve them.
>
> Rather, it is axiomatic that issues are preserved when objections are made timely to the error or offense. See Commonwealth v. May, 584 Pa. 640, 887 A.2d 750, 761 (2005) (holding that an "absence of contemporaneous objections renders" an appellant's claims waived); and Commonwealth v. Bruce, 207 Pa.Super. 4, 916 A.2d 657, 671 (2007), appeal denied, 593 Pa. 754, 932 A.2d 74 (2007) (holding that a "failure to offer a timely and specific objection results in waiver of" the claim). Therefore, we shall consider any issue waived where Appellant failed to assert a timely objection.

*Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008).

Even if this allegation of error is not deemed waived, Appellant is not entitled to relief. The jury reached a unanimous verdict on the charge of Rape of a Child. The jury was polled after the verdict and each juror affirmed his/her agreement with the verdict. (TT 398-400) Beyond that, the parties cannot invade the providence of the jury.

> [Jury] deliberations are secret and their inviolability must be closely guarded. Only in clear cases [of] improper conduct by jurors, evidenced by competent testimony, should a verdict, which is fully supported by the evidence, be set aside and a new trial granted.

*Commonwealth v. Neff*, 860 A.2d 1063, 1068–69 (Pa. Super. 2004).

Appellant's claim is similar to an allegation that the jury reached a compromise verdict.

> Appellant also claims that the jury arrived at its verdict by compromise, and cites a newspaper report containing postverdict interviews with jurors. However, a juror is incompetent to testify as to what transpired in the jury room, and may not impeach the verdict after the jury has been discharged. *Commonwealth v. Sero*, 478 Pa. 440, 387 A.2d 63 (1978); see *Commonwealth v. Williams*, 279 Pa.Super. 28, 420 A.2d 727 (1980); *Commonwealth v. Spencer*, 259 Pa.Super. 415, 393 A.2d 895 (1978). The only exception to this rule applies when there have been extraneous influences on the jury

9

deliberation process, an exception inapplicable to the instant facts. Appellant's contention is without merit.

*Commonwealth v. Boden*, 486 A.2d 504, 506 (Pa. Super. 1984), aff'd, 507 A.2d 813 (Pa.1986).

Moreover, as the jury charge demonstrates, the credibility of the victim is central to the disposition of the charge.

> The defendant has been charged with Rape of a Child. That is with regard to the victim Shantel. A person commits rape of a child when the person engages in sexual intercourse with a child who is less than 13 years of age. And under our Crimes Code, such a rape can be committed by either a male or female upon the child of the same or the opposite gender.

> Sexual intercourse has a particular meaning in criminal law. Sexual intercourse occurs if a man's penis penetrates the female sexual organ or mouth or anus of a person. Sexual intercourse also occurs if the tongue penetrates the female sexual organ. The slightest degree of penetration is sufficient and no emission of semen is required for sexual intercourse to occur for purposes of the criminal law.

> It is immaterial whether the child consents to the contact. Consent of the child is no defense.

> It is also no defense if the defendant did not know the age of the child, or if the child lied about her age, or if the defendant honestly believed that the child was 13 or older, or reasonably believed that the child was 13 or older.

(TT 376-378) This Court first notes that the date of the offense is not a required element. The jury would have to have found the victim's testimony to be credible in order to convict Appellant on this charge, as well as the several other charges for which Appellant was convicted. S.G. testified credibly to two separate incidents which constituted Rape of a Child. The most logical conclusion to the jury's conviction of Appellant at this count is that the members of the jury found the victim credible as to both incidents. It stretches the bounds of credulity that the jury would find the victim credible in one instance and not credible in another. As such, Appellant's assertion that the jury's verdict was not unanimous, is not supported by the evidence.

10

## CONCLUSION

For all of the above reasons, no reversible errors occurred and the findings and rulings of this Court should be AFFIRMED.

BY THE COURT:

_____ J.
JILL E. RANGOS

11