J-S35009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIS EDWARD ENGLERT | : | |
| | : | |
| Appellant | : | No. 146 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0000604-2021

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED: FEBRUARY 21, 2024**

Willis Edward Englert appeals from the judgment of sentence entered after he was found guilty of crimes arising from his unauthorized use of another person's debit card at a convenience store. On appeal, Englert challenges the weight of the evidence, and raises a claim of a double jeopardy violation. We conclude that Englert is not entitled to a new trial. However, as we agree Englert was subjected to double jeopardy on the summary offense of driving while his license was suspended, we vacate in part and affirm in part.

In June 2021, the Commonwealth charged Englert with one count each of forgery – unauthorized act in writing, access device fraud, theft by unlawful

_____

[*] Retired Senior Judge assigned to the Superior Court.

taking – movable property, and the summary offense of driving while operating privileges suspended or revoked.

These charges stemmed from an incident in which Englert and a co-defendant, Joshua Bitner, found and then used a debit card they found outside a convenience store. The victim, Jennifer Silks, reported that her son, Caleb Silks, dropped his debit card at the store. While Caleb was the primary owner of the debit card, the connected account was in Ms. Silk's name, as Caleb was a minor when the account was opened. While using the debit card at one location, Englert signed the receipt, despite Ms. Silk's name appearing below the signature line. When interviewed by police, Englert did not deny using the card or deny whose card it was. In fact, Englert offered to pay the money back.

After an initial jury trial resulted in a hung jury, the court declared a mistrial. Importantly, however, the court did not indicate any decision on the summary charge of driving with a suspended license. The Commonwealth subsequently moved to amend the criminal information to add one count of forgery – unauthorized act in writing. Following oral argument, the trial court granted the amendment.

On July 22, 2022, following a second jury trial, Englert was convicted on all charges. Two months later, the trial court sentenced Englert to an aggregate term of three years' probation, plus a fine of $200 for the summary offense. Englert filed post-sentence motions which were denied. This timely appeal followed.

Englert raises the following issues on appeal:

1. Was the Commonwealth's evidence of [Englert]'s intent lacking credibility to the degree that the verdict was against the weight of the evidence?

2. Was [Englert] subjected to double jeopardy on the charge of driving under suspension because the trial court did not render a verdict on that count after the jury was deadlocked and a mistrial declared during the first trial?

Appellant's Brief, at 4.

First, Englert challenges the weight of the evidence supporting his convictions. We find this claim is either waived or without merit.

Pennsylvania Rule of Criminal Procedure 607(A) requires a challenge to the weight of the evidence to be raised with the trial court in a motion for a new trial that is presented "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa. Super. 2012) (citation omitted).

In his first post-sentence motion, Englert conflated not only the distinct issues of sufficiency and weight of the evidence, but also conflated the distinct requests for judgment of acquittal versus a new trial. Englert requested only judgment of acquittal in his first post-sentence motion, a remedy applicable to a challenge to the sufficiency of the evidence only. **Compare** Pa.R.Crim.P.

607, (specifying that the remedy for a challenge to the weight of the evidence is a new trial) *with* Pa.R.Crim.P. 606, (specifying that the remedy for a challenge to the sufficiency of the evidence is a judgment of acquittal). Despite Englert's inclusion of general language challenging the weight of the evidence, his argument focused on the sufficiency of the evidence. Even in his supplemental post-sentence motion, Englert did not seek a new trial. It is only in his brief filed in support of post-sentence motions that he briefly requested a new trial. Accordingly, we could find a claim challenging the weight of the evidence was not properly preserved.

However, even if Englert had preserved a weight challenge, we would nevertheless find the issue without merit. "[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Commonwealth v. Davidson**, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted). "[W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate

- 4 -

review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." **Champney**, 832 A.2d at 408.

In advancing his weight challenge, Englert claims co-defendant Bitner's testimony "lacked clarity and credibility upon which to base a verdict of guilty." Appellant's Brief, at 13. Englert therefore contends the verdict was against the weight of the evidence, because Bitner was the only witness who could establish that Englert was aware that he was using the debit card without the authorization of its owner.

In its opinion, the trial court makes it clear that its decision was a credibility determination. **See** Trial Court Opinion, 3/24/23, at 4. While Englert ably points to reasons why Bitner may not be credible, his argument does not establish that no reasonable factfinder would believe Bitner's testimony. The standard does not require a blameless or flawless witness. We cannot conclude that the trial court's analysis supporting its denial of a new trial is an abuse of discretion. Accordingly, Englert's first issue merits no relief.

In his second and final issue, Englert argues he was subjected to double jeopardy on the summary charge of driving under suspension because he was tried twice on that charge and the trial court never recorded a verdict after the first trial. We are constrained to agree.

It is well-settled that:

[t]he Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects an individual against successive punishments and successive prosecutions for the same criminal offense. [A]t the heart of double jeopardy jurisprudence

- 5 -

is the requirement that an individual demonstrate he has been subjected to the risk of a trial on the merits.

**Commonwealth v. Vargas**, 947 A.2d 777, at 780 (citations and quotation marks omitted).

To begin our analysis, we must address whether Englert has waived his double jeopardy claim by failing to demand the trial court record the verdict on the summary offense during the first trial. Englert did not object to the trial court's failure to resolve the summary charge at the conclusion of the May 3, 2022 trial. However, Englert argues his claim cannot be waived because it implicates the legality of his sentence and double jeopardy principles. While acknowledging that he could not find a case exactly on point, Englert compares his case to **Commonwealth v. McCord**, 700 A.2d 938 (Pa. Super. 1997).

In **McCord**, the jury informed the trial court that it was deadlocked on the charges of recklessly endangering another person and recklessly endangering the welfare of a child, but that it had reached a decision on the charge of aggravated assault. **See id.** at 941. The trial court subsequently declared a mistrial on all charges. **See id.** The defendant moved for a dismissal of all charges on double jeopardy grounds. The trial court denied the motion. On appeal, a panel of this Court held that double jeopardy barred the retrial of the defendant on the charge of aggravated assault. **See id.** at 943. In reaching its decision, the **McCord** panel reasoned that a judge's failure to receive and record a jury's verdict, when the jury has informed the court that

- 6 -

it has reached a verdict as to one or more charges, is a violation of the court's duty and results in an improperly granted mistrial. **See id.**

The Commonwealth argues that **McCord** is distinguishable because only the jury was sitting as factfinder there. **See** Commonwealth's Brief, at 16. Here, the trial court was sitting as factfinder for the summary offense at issue. The Commonwealth argues that while the trial judge in **McCord** was bound to receive and record any verdicts reported by a jury pursuant to Pa.R.Crim.P. 648(d), a trial judge is not similarly bound to receive and record verdicts resulting from a bench trial. **See id.** at 17. Specifically, the Commonwealth argues the trial court had no duty to record a summary verdict in any time frame. **See id.** The implication from the Commonwealth's argument is that it would be up to a defendant to ensure a verdict is entered in these circumstances. This is incorrect.

In general, pursuant to Pa.R.Crim.P. 622(A), "[a] verdict shall be rendered in all non-jury cases within 7 days after trial." However, in summary cases specifically, "[t]he verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial". Pa.R.Crim.P. 454(D). As the trial court was obligated to render a verdict on the summary offense pursuant to the above rules, it was not Englert's responsibility to object to the failure to do so.

We acknowledge Englert also did not object to retrial on the summary offense. However, Englert did not request the mistrial on that offense, and his

- 7 -

mere acquiescence to the sua sponte grant of a mistrial by the trial judge was not sufficient to waive his double jeopardy claims. "[M]ere silence by a defendant or lack of a specific objection will not amount to a waiver of defendant's very important constitutional right of protection from double jeopardy." *McCord*, 700 A.2d at 942 (citation and internal quotation marks omitted). Double jeopardy claims implicate the legality of sentence and therefore are not subject to waiver. *See Commonwealth v. Andrews*, 768 A.2d 309, 313 (Pa. 2001). Based on the above, we find Englert has not waived his double jeopardy claim and we will address the claim on the merits.

It is well-settled that:

[i]n Pennsylvania, jeopardy does not attach and the constitutional prohibition against double jeopardy has no application until a defendant stands before a tribunal where guilt or innocence will be determined. In a criminal jury trial, jeopardy attaches when the jury is sworn. In a bench trial, however, jeopardy attaches when the trial court begins to hear the evidence.

*Vargas*, 947 A.2d at 780 (citations and quotation marks omitted).

Here, it is undisputed that the court heard evidence regarding the summary offense at the first trial. *See* Trial Court Opinion, 3/24/23, at 5 ("the trial judge had received evidence relevant to the summary [] charge while the jury deliberated and had waited to render a verdict on the summary [charge] until after the jury's verdict was received"). Accordingly, it is clear jeopardy attached on the summary offense at the first trial.

Since Englert did not request or consent to the entry of a mistrial on the summary charge, the trial court's inclusion of the summary charge in its grant

of a mistrial would only be proper if a "manifest necessity" existed. **See**

**McCord**, 700 A.2d at 943. An evaluation of "manifest necessity" turns on the

facts of each case, and any ambiguity must be resolved in favor of the

defendant. **Id.** n.9. However, "manifest necessity" does not exist when a trial

court is able to utilize a "less drastic" alternative to mistrial. **Id.** at 943.

After a review of the record, we find it clear that a "manifest necessity"

for a mistrial on the summary charge was wholly lacking. The court simply

could have announced its verdict on the record in open court after the mistrial

on the remaining counts.

The trial court and the Commonwealth both argue that double jeopardy

principles did not bar retrial of the summary offense along with the other

charges because no verdict was entered on the summary charge at the first

trial. The implication here would be that the original jeopardy on the summary

offense had not been terminated, and therefore double jeopardy principles do

not apply. In so arguing, the Commonwealth cites to **Commonwealth v.**

**Williams**, 420 A.2d 727, 729 (Pa. Super. 1980) for the proposition that "it is

beyond dispute that a verdict is not final unless it is recorded; until that point

the jury may correct or alter it."

Notably, the **McCord** Court disposed of the exact same argument,

stating that while it is true that a verdict is not final until it is recorded, that

proposition is simply not applicable to these circumstances. **See** 700 A.2d at

944. The **McCord** Court reasoned:

- 9 -

> Clearly, whenever a mistrial as to a charge is granted a final verdict on that charge is not entered on the record. Nevertheless, … it [is] well settled that double jeopardy prohibits a new trial after a mistrial has been declared without the defendant's consent or request whenever "manifest necessity" for a new trial is absent. If we were to adopt the Commonwealth's position, double jeopardy would never be implicated in the context of a mistrial because a "final" verdict would never be entered.

*Id*.

We conclude that jeopardy attached on the summary offense at the first trial, and therefore the trial court should have recorded its verdict on the summary offense pursuant to Rule 454(D). Further, as the grant of a mistrial on that charge was not supported by a manifest necessary, the retrial on that offense was improper.

Conviction and judgment of sentence vacated as to the summary offense of driving under suspension. Conviction and judgment of sentence affirmed at all remaining counts. Jurisdiction relinquished.

Judge McLaughlin joins the memorandum.

Judge Colins files a concurring memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/21/2024